**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000806
12-MAR-2013
08:36 AM**

NO. CAAP-11-0000806

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MICHELLE PECK, Petitioner-Appellant, v.
ALAN KUIPER, Respondent-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-DOMESTIC ABUSE NO. 11-1-0489)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Petitioner-Appellant Michelle Peck (Peck) appeals from the Order Dissolving Temporary Restraining Order for Protection, entered on October 5, 2011 in the Family Court of the Second Circuit (Family Court).[1]

On October 5, 2011, the Family Court dissolved a temporary restraining order for protection against Respondent-Appellee Alan Kuiper (Kuiper) that was issued on September 20, 2011.

On appeal, Peck contends the Family Court erred by concluding that a protective order was not necessary to prevent any acts or threatened acts of domestic abuse.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Peck's point of error as follows:

---

[1] The Honorable Geronimo Valdriz, Jr. presided.

A temporary restraining order granted pursuant to Hawaii Revised Statutes (HRS) Chapter 586 shall remain in effect at the discretion of the family court.  HRS § 586-5 (2006 and Supp. 2012).

> With respect to the issuance of a TRO, a relief in equity, the relief granted by a court in equity is discretionary and will not be overturned on review unless the court abused its discretion. . . . A court abuses its discretion whenever it exceeds the bounds of reason or disregards rules or principles of law or practice to the substantial detriment of a party.

In re Guardianship of Carlsmith, 113 Hawai'i 211, 223, 151 P.3d 692, 704 (2006) (internal quotation marks, citations, brackets, and ellipses in original omitted).

The Family Court did not abuse its discretion by dissolving the temporary restraining order against Kuiper.  HRS § 586-5.5 (2006) states:

> **§ 586-5.5  Protective order; additional orders**.  (a)  If, after hearing all relevant evidence, the court finds that the respondent has failed to show cause why the order should not be continued and that a protective order is necessary to prevent domestic abuse or a recurrence of abuse, the court may order that a protective order be issued for a further fixed reasonable period as the court deems appropriate.

The Family Court stated that there may have been an incident of domestic abuse, but that it did not feel that a protective order was necessary to prevent further domestic abuse. Apparently, the Family Court believed that the domestic abuse incident relied on by Peck occurred when Peck accused Kuiper of serious misconduct and Peck asserted that Kuiper responded by pushing and shoving her.  The Family Court did not find that Kuiper's nudging Peck with a car as she walked behind the reversing vehicle constituted a prior incident of domestic abuse as alleged by Peck in her petition.  Due to the lack of a finding of a prior history of domestic abuse and a finding that Kuiper's apparent abuse of Peck was an isolated incident that occurred after the accusations by Peck, this court cannot say the Family Court abused its discretion by finding insufficient evidence to

support a conclusion that a protective order was necessary to prevent domestic abuse or a recurrence of abuse.

THEREFORE,

IT IS HEREBY ORDERED that the Order Dissolving Temporary Restraining Order for Protection, entered on October 5, 2011 in the Family Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 12, 2013.

On the briefs:

David A. Sereno,
for Petitioner-Appellant.

Chief Judge

Anne K. Leete,
for Respondent-Appellee.

Associate Judge

Associate Judge